# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nnodi H., | Case No. 18-cv-1986 (ECT/TNL) |
| Petitioner, | |
| v. | |
| Secretary of the Department of Homeland Security, | |
| William P. Barr, Attorney General of the United States,[1] | **ORDER** |
| Scott Baniecke, ICE Field Office Director, and | |
| Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

Nnodi H., 1530 Airport Road, Suite 200, Worthington, MN 56181 (*pro se* Petitioner);

Ana H. Voss, Ann M. Bildtsen, and David W. Fuller, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Secretary of the Department of Homeland Security, William P. Barr, and Scott Baniecke); and

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Kurt Freitag);

---

[1] William P. Barr is currently serving as Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. Fed. R. Civ. P. 25(d).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Nnodi H.'s Motion to Subpoena, Produce Documents, Electronically Stored Information (ESI), or Other Tangible Items (ECF No. 10). For the reasons set forth below, the Court will deny the motion.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Nigeria. (ECF No. 8, p. 2). Petitioner entered the United States on a student visa in 2013. (*Id.*). He was subsequently terminated from his program in September 2013 for failure to enroll. (*Id.*). Following his December 2017 arrest on fraud charges, Immigrations and Custom Enforcement ("ICE") commenced removal proceedings against him. Petitioner was ultimately ordered detained, subject to a bond of $7,500. He filed a petition for a writ of habeas corpus, challenging his detention and the bond imposed upon him.

Petitioner then filed a Motion for Issuance of a Subpoena, in which he seeks to compel the production of certain materials and evidence under Federal Rules of Civil Procedure 26 and 45. (ECF No. 10). Petitioner seeks documents and information that would show he is not a danger to the community or flight risk, including documents from the Dallas, Irving police department and the Fridley, Minnesota police department. Respondents contend the motion is not proper in a proceeding for habeas corpus, nor contemplated by the Court's order setting forth a briefing schedule for this case.

II.  **ANALYSIS**

A person detained by the government may file a writ of habeas corpus to challenge the legality of his confinement and, if successful, obtain his release. *See Preiser v.*

*Rodriguez,* 411 U.S. 475, 485 (1973). Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions. 28 U.S.C. § 2241; *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Federal district courts may not, however, review discretionary decisions made by the immigration authorities. *Id*. at 688; *see also* 8 U.S.C. § 1226(e).

Federal Rule of Civil Procedure 26 permits parties in civil litigation to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 is also used by parties in civil litigation to seek documents, information, and testimony by serving a subpoena on a third party.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rule 6(a) [of the Rules Governing Section 2254 Cases], however, provides that "[a petitioner] shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004).[2] Thus, if the specific allegations of a petition show that the

---

[2] The Rules Governing Section 2254 Cases apply equally to petitions brought under Section 2241, like the case here. Rules Governing Section 2254 Cases 1(b). *See also Bowers v. U.S. Parole, Com'n, Warden*, 760 F.3d 1177, 1183 n. 8 (11th Cir. 2014).

3

Petitioner may be entitled to relief if the facts are more fully developed, then the Court may "provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

In this case, Petitioner seeks discovery regarding certain criminal files related to him and audio copies of his previous bond hearings, which he argues are relevant to this proceeding because they are necessary to show he is not a danger to the community or a flight risk. The information that Petitioner seeks could very well be relevant to a renewed bond hearing before an Immigration Judge. But this Court has no jurisdiction to review decisions that are left to the discretion of the Attorney General. *Zadvydas*, 533 U.S. at 687. Any evidence as to whether Petitioner is a flight risk or a danger to the community would go to factual findings that the IJ would need to make in the bond hearing. Those findings constitute the type of discretionary decisions that are not subject to review by this Court. 8 U.S.C. § 1226(e). Petitioner provides no reason explaining why the information he seeks is necessary for him to seek habeas relief.[3]

The Court will therefore deny Petitioner's motion. Nothing in this decision, of course, should be taken to prohibit Petitioner from seeking any discovery that may be permitted in immigration court that he believes is relevant to his removal proceedings.

---

[3] Petitioner also notes that he is entitled to his entry document and other documents regrading his admission and presence in the United States so that he may meet his burden of proof in a removal proceeding. (ECF No. 10, p. 3); *see also* 8 U.S.C. § 1229a(c)(2)(B). But that issue relates to his removal proceedings and federal courts of appeals are the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Nnodi H.'s Motion to Subpoena, Produce Documents, Electronically Stored Information (ESI), or Other Tangible Items (ECF No. 10) is **DENIED.**

Date: March 8, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　　　　　　　　　　*Nnodi H. v. Secretary of the Department of Homeland Security, et al.*

　　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-cv-1986 (ECT/TNL)