UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nnodi H.,<br><br>            Petitioner,<br><br>v.<br><br>Secretary of the Department of Homeland Security,<br><br>William P. Barr, Attorney General of the United States,[1]<br><br>Scott Baniecke, ICE Field Office Director, and<br><br>Kurt Freitag, Freeborn County Sheriff,<br><br>            Respondents. | Case No. 18-cv-1986 (ECT/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Nnodi H., 8048 James Avenue North, Brooklyn Park, MN 55444 (*pro se* Petitioner);

Ana H. Voss, Ann M. Bildtsen, and David W. Fuller, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Secretary of the Department of Homeland Security, William P. Barr, and Scott Baniecke); and

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Kurt Freitag);

---

[1] William P. Barr is currently serving as Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. Fed. R. Civ. P. 25(d).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Nnodi H.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be denied as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Nigeria. (ECF No. 8, p. 2). Petitioner entered the United States on a student visa in 2013. (*Id*.). Shortly thereafter, he was terminated from his program for failure to enroll. (*Id*.).

In December 2017, Petitioner was arrested near Anoka, Minnesota and charged with four fraud-related offenses. (ECF No. 8-1, p. 2). Shortly thereafter, Immigrations and Custom Enforcement ("ICE") commenced removal proceedings against him. ICE determined that Petitioner should be detained pending a final administrative review of his case. (ECF No. 8-4, p. 3). Petitioner requested that an immigration judge ("IJ") review his custody determination. (ECF Nos. 8-1, p. 3). On February 26, 2018, following a series of bond hearings, the IJ granted Petitioner's request for a change in his custody status and set his bond at $7,500. (ECF No. 8-4). The IJ denied Petitioner's subsequent request to lower his bond amount. (ECF No. 8-4). Petitioner appealed that decision to the Board of Immigration Appeals. (ECF Nos. 1-1, pp. 9-22; 8-8).

The same day that Petitioner appealed the bond decision, he also signed a joint motion for voluntary departure, in which he was granted permission to depart voluntarily

from the United States within 120 days, so long as he paid a $1,500 bond within 30 days. (ECF No. 8-6). Nearly one month later, he filed a "motion" to withdraw that agreement with the Board of Immigration Appeals. (ECF No. 1-1, pp. 23-49; ECF No. 8-9). In response, ICE asked the Board to dismiss Petitioner's motion. (ECF No. 8-10).

Petitioner quickly thereafter filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention violated his constitutional rights. (ECF No. 1, *passim*). In particular, Petitioner argued that the $7,500 bond set by the IJ was excessive and that his detention violated his rights under the Due Process and Equal Protection Clauses, as well as his substantive rights. (ECF No. 1, pp. 7-8). Respondents answered on August 27, 2018, contending that the Court does not have subject matter jurisdiction to review Petitioner's bond and arguing, in the alternative, that the Court deny the petition on the merits. (ECF No. 7). In response, Petitioner filed a series of exhibits, one of which was a Memorandum of Fact and Law in Support of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 22-7).[2] Petitioner also filed with the Court a decision that the Board of Immigration Appeals reached in his appeal from his motion to withdraw. (ECF No. 27-1). In that decision, the Board remanded the proceedings back to the IJ so that Petitioner could "apply for any available relief." (*Id*. at p. 2). The Board did not address the $7,500 bond the IJ imposed.

On March 8, 2019, the Court ordered the parties to provide additional information regarding Petitioner's appeal of the IJ's bond decision. (ECF No. 29). Following that order,

---

[2] The Court construes that document to be Petitioner's reply to Respondents' answer.

3

the Government filed a supplemental response and declaration indicating that Petitioner was released from custody on January 25, 2019 after he posted a $7,500 bond. (ECF Nos. 30 & 31-1). The Government included as part of its filing an exhibit that indicated that Petitioner now lives in Brooklyn Park. (ECF No. 31-1).[3] The Government also asked that the petition be denied as moot. (ECF No. 30). The Court subsequently ordered the Government to serve its supplemental response and related documents on Petitioner at his new address and directed Petitioner to respond on or before May 6, 2019. (ECF No. 33 and 35). Shortly thereafter, mail sent to Petitioner at his Brooklyn Park address was returned as "not deliverable as addressed." (ECF No. 38). Petitioner did not file any reply to the Government's supplemental response.

## II. ANALYSIS

A person detained by the government may file a writ of habeas corpus to challenge the legality of his confinement and, if successful, obtain his release. *See Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). Federal courts have limited jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions. 28 U.S.C. § 2241; *see also Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Federal courts may consider whether an immigration-related detention violates an alien's constitutional rights. *Id*. at 688. They may not, however, review discretionary decisions made by the immigration authorities. *See id*. Discretionary decisions include the IJ's bond determination. 8 U.S.C. § 1226(e).

---

[3] As will be discussed more later, Petitioner's current whereabouts is unknown to the Court, as the contact information that he provided seems inaccurate.

The immigration laws permit the government to arrest an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Subject to certain exceptions that are not relevant here, and pending further decisions regarding removal, the government, following the arrest:

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

    (a) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    (b) conditional parole.

*Id*. Here, nothing in the record suggests that the immigration authorities have entered a final order of removal against Petitioner. Therefore, his detention is subject to the provisions of 8 U.S.C. § 1226(a).

Petitioner contends that his "[p]rolonged and [i]ndefinite detention by ICE is unconstitutional." (ECF No. 1, p. 6). The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of the law. US Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. The fact that the person is not a citizen, or even in the country legally, does not deprive him or her of the rights guaranteed by the Due Process Clause. *Id*. at 693. Petitioner, however, is no longer in custody, having been released after posting a bond of $7,500. Thus, before considering the merits of the Petition, the Court must determine whether it is moot in light of Petitioner's release.

5

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Federal courts lack jurisdiction to hear moot cases. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Accordingly, if an action is moot because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citing *Minn. Humane Soc'y*, 184 F.3d at 797).

In this case, Petitioner seeks release from custody. Petitioner is no longer in ICE custody, however, because he has posted bond. In cases where an alien has been released from custody following entry of a final order of removal, other courts in this district have concluded that release "moots a habeas petition challenging that custody." *Lesum v. Sessions*, No. 18-cv-1340, 2018 WL 5303878, at *1 (D. Minn. Oct. 5, 2018) (citing *Kargbo v. Brott*, 15-cv-2713, 2016 WL 3676162, at *2 (D. Minn. July 6, 2016), *report and recommendation adopted by* 2018 WL 5303042 (D. Minn. Oct. 25, 2018)). This is because

if the relief the petitioner sought was granted, the petitioner would find himself "in *precisely* the situation in which he already finds himself." *Karbo*, 2016 WL 3676162, at *2 (emphasis in original). That "is the very definition of mootness." *Id*.

While the mootness analysis does not necessarily terminate there under the facts of this case, prudential mootness applies to end this petition. The prudential mootness doctrine relates "to the court's discretion in matters of remedy and judicial administration." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (quoting *Chamber of Commerce v. United States Dep't. of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1990)). Under this doctrine, even if Article III jurisdiction exists, a court may decline to exercise its judicial power "for prudential reasons." *Id*. (quoting *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985). The doctrine of prudential mootness addresses a court's discretion in the granting or withholding of relief, rather than the court's power to grant relief. *Southern Utah Wilderness Alliance v. Smith,* 110 F.3d 724, 727 (10th Cir. 1997). The doctrine most often applies when the controversy is "so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." *Chamber of Commerce*, 627 F.2d at 291.

The Court recommends that this Petition be denied based on the doctrine of prudential mootness. Petitioner is no longer being detained, having posted a bond of $7,500. Arguably, he has received the primary relief that he sought when he first filed the Petition. Furthermore, there are a number of uncertainties surrounding his case. The Court is not certain what type of relief Petitioner has applied for (or intends to apply for); what stage his removal proceedings are in; or what the circumstances would be if Respondents

7

detained him again. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (noting that case should be treated as moot "in light of the myriad of uncertainties" surrounding it). Furthermore, Petitioner did not respond to Respondents' supplemental memorandum of law, despite this Court's repeated attempts to give him an opportunity to do so. In fact, given the return of mail from Petitioner's Brooklyn Park address, this Court no longer appears to have a valid address by which it can contact Petitioner. Accordingly, even if the Court were to grant relief, it would have no way of communicating its decision to Petitioner. The Court does not believe that Petitioner deserves the benefit of further proceedings if he does not comply with his obligation to keep the Court informed of his contact information. *Cf. Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1092-93 (9th Cir. 2003) (declining to hearing absent alien's petition for review). Under the circumstances, the Court believes it appropriate for this case to be dismissed as prudentially moot.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED AS MOOT.**

Date: May 24, 2019                              *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *Nnodi H. v. Secretary of the Department of Homeland Security, et al.*

                                                Case No. 18-cv-1986 (ECT/TNL)

## **NOTICE**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).